## DAN FENOGLIO V. STATE.

### No. 2171. Decided January 8, 1913.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Same—Charge of Court—Requested Charges.**

Where the requested charges were sufficiently represented in the court's main charge, there was no error.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of violating the local option law in Montague County, and it being a misdemeanor in that county, his punishment was assessed at a fine of $25 and imprisonment in the county jail for twenty days.

The only complaints in the motion for a new trial is a statement that the evidence is insufficient, and that the court erred in refusing to give appellant's two requested charges. The two charges both relate to the same matter, and both were sufficiently presented in the court's main charge. The State's witness testified that he purchased a bottle of whisky from appellant and paid him one dollar for it. The defendant testified that the State's witness asked him for a drink and he handed him the bottle, and the State's witness kept it, paying him nothing for it. The court in his charge required the jury to find beyond a reasonable doubt that appellant made a sale of the whisky to the prosecuting witness, or they would acquit. Whether or not a sale was made was the sole issue, the State's witness affirming that a sale was made, while defendant denied this fact. As before stated, this issue was presented in a way that appellant would have and must have been acquitted unless the jury believed a sale was made, and under such circumstances the failure to give the special charges present no error.

The judgment is affirmed. *Affirmed.*